## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MARTHA AMACKER,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : **CASE NO.:** |
| | : |
| **WINN-DIXIE STORES, INC., WINN-** | : |
| **DIXIE MONTGOMERY, LLC;** | : |
| **BRIAN HABER, et al,** | : |
| | : |
| **Defendants.** | : |

## NOTICE OF REMOVAL

COMES NOW Defendant Winn-Dixie Montgomery, LLC (hereinafter "Winn-Dixie"), pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) and 28 U.S.C. § 1446, and files this Notice of Removal of this cause from the Circuit Court of Baldwin County, Alabama to the United States District Court for the Southern District of Alabama, Southern Division. In support of this Notice of Removal, Winn-Dixie states as follows:

### Introduction and Background

1.      On June 21, 2016, Plaintiff Martha Amacker filed this action against Winn-Dixie, Winn-Dixie Stores, Inc., Brian Haber, and one-hundred sixty fictitious parties, in the Circuit Court of Baldwin County, Alabama. (Complaint, attached as Exhibit A). The Complaint alleges that all Defendants negligently

{B2266430}

and/or wantonly created a hazardous condition; supervised Plaintiff; caused or allowed a dangerous condition to exist on the premises; failed to warn Plaintiff of the dangerous condition; allowed Plaintiff to use an unsafe area; failed to monitor the premises for dangerous conditions; failed to properly maintain the premises in a safe manner; failed to warn Plaintiff of or timely remove or clean up dangerous conditions; failed to discover and eliminate hazards and/or unsafe conditions when Defendants knew or should have known of the unsafe conditions; failed to adequately supervise and/or train its agents and/or employees to carry out its business and to follow its rules, regulations, policies and/or procedures; and failed to use due care. (Exh. A, ¶ 8). The Complaint also alleges Defendant Brian Haber was acting without the line and scope of his employment at the time of the incident as agent, servant, or employee of the Winn-Dixie entities. (Exh. A, ¶ 10).

2.      Plaintiff alleges that, as a result of the conduct of the Defendants, she was unable to detect a liquid substance on the floor that caused her to slip and fall and injure herself. (Exh. A, ¶ 11). Plaintiff also alleges that she injured her wrist, elbow, knee, and back in the fall. (Id.) Plaintiff further alleges she suffered physical pain and mental anguish, and incurred doctor bills, hospital bills, and other medical expenses. (Id.) In addition, Plaintiff alleges she was permanently injured. (Id.) Plaintiff's Complaint seeks compensatory and punitive damages, plus interest and costs. (Id., *ad damnum* clause.)

3.     At the time of the accident, Defendant Haber was employed as the Store Director for the subject store. (Affidavit of Haber, attached as Exhibit B). However, at the time of the accident, Defendant Haber was not on duty or otherwise present in the store prior to the accident and had no knowledge of any alleged liquid substance on the floor which might have existed in the subject area at the time of Plaintiff's incident. (Id) In addition, Defendant Haber did not personally conduct any new hire training of Winn-Dixie employees at the time of the incident. (Id.)

4.     Since the lawsuit was filed, Plaintiff has made a settlement demand of $125,000.00. (Demand Letter, attached as Exhibit C). The demand letter states Plaintiff has undergone left wrist surgery and left elbow surgery as a result of the alleged accident. (Id.) The letter further states the Plaintiff continues to receive treatment for her elbow and wrist after surgery, as well as ongoing pain management care for back pain. (Id.)

## Propriety of Removal

5.     The United States District Court for the Southern District of Alabama, Southern Division, encompasses the county in which the state court action is now pending; therefore, this Court is the proper venue for this action pursuant to 28 U.S.C. § 81(b)(1) and 28 U.S.C. § 1441(a).

6.     This action is removable pursuant to 28 U.S.C. § 1441 which states that removal is appropriate in any civil action in which the District Courts of the United States would have had original jurisdiction.  28 U.S.C. § 1441.  This action could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the jurisdictional minimum, as set out below.

<u>**Removal is Timely**</u>

7.     Service was perfected on Defendant Brian Haber on June 25, 2016. (Alacourt Notice of Service of Process, attached as Exhibit D).  Winn-Dixie was served via certified mail two days later on June 27, 2016. (CSC Notice of Service of Process, attached as Exhibit E). [1]  To date, Winn-Dixie Stores, Inc. has not been served with Plaintiff's Complaint. (Alacourt Detail, attached as Exhibit F).

8.     Winn-Dixie files this Notice of Removal within thirty (30) days of service of the Complaint on Winn-Dixie.  (Exh. E). *See e.g., Category 5 Mgt. Group, LLC v. Natl. Casualty Ins. Co.*, 2010 WL 2330305, 6-7 (S.D. Ala. 2010) (noting that the Eleventh Circuit recently adopted the "last served defendant rule," under which a defendant is permitted to join in a notice of removal filed by a later-served defendant so long as the later served defendant's notice of removal is timely

---

[1] To date, AlaCourt does not reflect service on either Winn-Dixie Stores, Inc. or Winn-Dixie Montgomery, LLC.  However, CSC Corporation confirms service on Winn-Dixie Montgomery, LLC on June 27, 2016. (Exhibit E).  Additionally, Winn-Dixie Stores, Inc. is not a proper Defendant as it does not own or operate the subject store.

filed).   Accordingly, removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

9.   No previous application for removal has been made, and this Notice of Removal is made within one year of the filing of the lawsuit.  Copies of all process, pleadings, and other papers served on or received by Defendant(s) and the entire Circuit Court file for Baldwin County are attached hereto as Exhibit G.  The Circuit Clerk of Baldwin County has been notified of this removal.

**Diversity of Citizenship exists between the properly joined Defendants**

10.   This action is removable pursuant to 28 U.S.C. § 1441.  Removal under § 1441 is appropriate in that there exists complete diversity of citizenship between Plaintiff and the *properly joined* Defendant Winn-Dixie Montgomery, LLC in the underlying cause.  28 U.S.C. § 1441.

11.   Upon information and belief, Plaintiff is a citizen of the state of Alabama.

12.   The sole member of Winn-Dixie is Winn-Dixie Stores, Inc. (Annual Report, attached as Exhibit H).  For the purpose of determining diversity, the citizenship of a limited liability company is the citizenship of each of its members. *Alabama Power Co v. Calhoun Power Co., LLC*, 2012 WL 6755061, *2 (N. D. Ala. Dec. 28, 2012), *citing Rolling Greens, MHP, L.P. v. Comcast SCH Holdings, L.C.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

13.     Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332.  Winn-Dixie Stores, Inc. is incorporated in Florida with its principal place of business in Florida. (Annual Report, attached as Exhibit I). Accordingly, Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery, LLC are citizens of Florida. Thus, there is complete diversity among these parties.[2]

### Defendant Brian Haber is Fraudulently Joined

14.     Defendant Brian Haber is a citizen of Alabama.  The fact that there is a lack of complete diversity on the face of the Complaint is, however, irrelevant for removal purposes.  *See Legg v. Wyeth*, 428 F.3d 1317, 1321 (11th Cir. 2005).  28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest *properly* joined and served as Defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (emphasis added).  Defendant Brian Haber has been fraudulently joined and his inclusion in this action is for the sole purpose of preventing Defendant Winn-Dixie from exercising its right to remove this case to federal court.

---

[2] Although Plaintiff's Complaint identifies numerous fictitious defendants, 28 U.S.C. § 1441 instructs that the citizenship of fictitious defendants is to be disregarded for purposes of removal.  See 28 U.S.C. § 1441 ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

{B2266430}

15.     Removal of this suit pursuant to complete diversity of citizenship should not be thwarted by Plaintiff's attempt to fraudulently join Defendant Brian Haber in order to destroy diversity.  As the Supreme Court has stated, "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court . . ." *Gordon v. Pfizer, Inc.,* 2006 WL 2337002, *2 (N. D. Ala. 2006).  "The removal process was created by Congress to protect defendants. Congress did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *Legg,* 428 F.3d at 1325. Under Eleventh Circuit law, fraudulent joinder can be established in one of three ways:

> (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant, or (2) there is outright fraud in the plaintiff's pleading of jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998).

16.     Here, "there is no possibility" that Plaintiff can prove any of her claims against Defendant Brian Haber.  Plaintiff, in order to meet her burden, must provide a possibility of liability that is "reasonable, not merely theoretical, and, in considering *possible* state law claims, possible must mean more than such a

{B2266430}

possibility that a designated residence can be hit by a meteor tonight."
*Bloodsworth*, 2005 WL 3470337, at *4 (M. D. Ala. 2005) (quoting *Legg*, 428 F.3d
at 1325 n.5) (emphasis added; internal quotation marks omitted); *see also Parten v.
HMR Adv. Health Systems, Inc.*, 2010 WL 892070, *2 (S. D. Ala. 2010). Plaintiff
cannot meet this burden.

17.    The law of Alabama "generally requires that officers and employees
of a corporation only be held liable for torts in which they *personally participated*
or to which they *personally contributed.*" *See Holloway v. Morrow*, 2008 WL
401305, *6 (S.D. Ala. 2008) (emphasis added). *See also Ex parte Charles Bell
Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774 (Ala. 1986) ("employes of a
corporation are liable for torts in which they have personally participated*); Turner
v. Hayes*, 719 So.2d 1184, 1188 (Ala.Civ.App.1997) ("As a general rule, corporate
employees are liable personally for the wrongful action of the company or its other
employees only if they personally participate in the tort."), *rev'd in part on other
grounds sub nom, Ex parte Atmore Cmty. Hosp.*, 719 So.2d 1190 (Ala.1998).

18.    Here, Plaintiff generally alleges negligence and wantonness against all
of the Defendants. (Exh. A).   However, at the time the subject incident took place,
Defendant Haber was not at the store and had no knowledge of any substance on
the floor which might have existed in the subject area at the time of Plaintiff's
incident.  (Exh. B).  In addition, he did not personally conduct new hire training.

(Id.) Therefore, Plaintiff cannot establish that Haber personally participated in the alleged acts or omissions, and there is no possibility that Plaintiff can prove her claims of negligence and wantonness against Defendant Haber.[3] *See Holloway, Charles Bell, and Turner, supra.* As such, the non-diverse status of this Defendant should be ignored for the purposes of determining whether removal is proper. *See Legg*, 428 F.3d at 1321.

19.     Defendant Winn-Dixie does not dispute that a landowner generally owes an invitee a duty to maintain its premises in a reasonably safe condition and to give the invitee warning of concealed hazards which are or should be known to the landowner and which are unknown to the invitee and cannot be discovered by him. *Johnson v. Wal-Mart Stores, Inc.*, 2000 WL 1005813, *1 (S.D. Ala. 2000).[4] Plaintiff's Complaint alleges Plaintiff is a business invitee. (Exh. A, ¶ 7.) As stated above, the only allegations set forth in Plaintiff's Complaint pertain to landowner liability for negligently and/or wantonly creating a hazardous condition; supervising Plaintiff; causing or allowing a dangerous condition to exist on the premises; failing to warn Plaintiff of the dangerous condition; allowing Plaintiff to use an unsafe area where dangerous conditions existed; failing to monitor the premises for dangerous conditions; failing to maintain the premises in a safe

---

[3] Along with this Notice of Removal, Defendant Haber contemporaneously filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).

[4] It is also a correct statement of law that a "defendant's duty to warn does not arise unless it has knowledge of the danger and its knowledge was superior to that of the business invitee." *Id.*

manner; failing to warn Plaintiff of and/or timely remove or clean up dangerous conditions; failing to discover and eliminate hazards and/or unsafe conditions; failing to adequately supervise and/or train its agents and/or employees to carry out its business and to follow its rules, regulations, policies and/or procedures; and failing to use due care. (Exhibit A).  Assuming *arguendo* that Plaintiff is a business invitee, Plaintiff's theories of liability are properly asserted against Winn-Dixie. None of Plaintiff's allegations can apply to Haber because he did not personally participate in the acts or omissions alleged by Plaintiff.

### The amount of controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars.

20.     Plaintiff seeks compensatory and punitive damages, plus interest and costs. (Exhibit A).  This Notice of Removal is filed under § 1446(b)(3) as it is not "facially apparent" that the amount in controversy is satisfied from the face of the Complaint, which seeks only an unspecified amount of compensatory and punitive damages. 28 U.S.C. § 1446(b)(3). Where the amount in controversy is not apparent from the face of the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Fitzgerald v. Besam Automated Entrance Systems,* 282 F.Supp.2d 1309 (S.D. Ala. 2003).

21.    Section 1446 requires that the removing party establish that the amount in controversy exceeds $75,000.00 by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). However, the U.S. Supreme Court has held:

> In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.

*Dart Cherokee Basin Operating Co. v. Owens*, __ U.S. __, 135 S. Ct. 547, 554 (2014).

22.    Although Plaintiff made no specified demand in the Complaint, Plaintiff's demand letter for $125,000 received by Defendant contains an unambiguous statement that establishes by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000.00. (Exh. C). This Court has previously found that settlement offers and demand letters can constitute 'other paper' for purposes of removal. *Humphries v. Anderson Trucking Service, Inc.,* 2010 WL 2898317, *3 (S. D. Ala. 2010), *citing Lowery v. Williams,* 483 F.3d at 1213, n. 62. (internal citations omitted). This conclusion is further established by the types of injuries and treatment alleged, including two surgeries, as well as the allegation that Plaintiff has suffered a permanent injury and continues to receive ongoing care. (Exh. A; Exh. C). Plaintiff also seeks punitive damages. *Consider Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d

1531, 1535 (11th Cir. 1987) ("[w]hen determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered.").

## All Prerequisites for Removal Have Been Satisfied

23.    As set forth above, this Notice of Removal has been filed within thirty (30) days of service on Winn-Dixie, the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000) Dollars, exclusive of interest and costs, and complete diversity exists as to the *properly* joined parties.

24.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25.    Winn-Dixie Stores, Inc. consents to this Removal.[5]

26.    A copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court of Baldwin County, Alabama

27.    If any question arises as to the propriety of the removal of this action, Defendant Winn-Dixie requests the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

WHEREFORE, Defendant Winn-Dixie Montgomery, LLC, desiring to remove this case to the United States District Court for the Southern District of

---

[5] It is not necessary for Defendant Haber to consent to removal as he has been fraudulently joined a Defendant that has been fraudulently joined or one that has not been served need not join in or consent to removal. *See GMFS, L.L.C. v. Bounds,* 275 F.Supp. 2d 1350, 1352-1354 (S.D. Ala. 2003). In addition, fictitious defendants are not considered for removal purposes. *Id., referencing* 28 U.S.C. § 1441(a). While Winn-Dixie Stores, Inc. denies that it is a properly joined defendant, such an analysis is not relevant to this Removal and is not addressed herein.

{B2266430}

Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending, prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Baldwin County, Alabama, shall affect a removal of said suit to this Court.

Respectfully submitted on this ___25TH___ day of ___July___, 2016.

Respectfully submitted,

/s/M. WARREN BUTLER
M. WARREN BUTLER (ASB-3190-R56M)
WEATHERS BOLT (ASB-9445-T95A)
Attorneys for Winn-Dixie Montgomery, LLC

OF COUNSEL:

STARNES DAVIS FLORIE LLP
Post Office Box 1548  (36633-1548)
RSA-Battle House Tower, Suite 20290
11 North Water Street
Mobile, AL  36602
251-433-6049

{B2266430}

## CERTIFICATE OF SERVICE

I hereby certify that on the _25ᵀᴴ_ day of _July_____, 2016, I electronically filed the foregoing with the Clerk of the Court using the e-file system, which will send electronic notification of such filing to the following:

P. Dean Waite, Jr., Esq.
412 Dauphin Street, Suite BB
Mobile, AL  36602

/s/ M. Warren Butler
M. WARREN BUTLER

{B2266430}